1  **HIRSCH ADELL (CSB 34208)**
   E-Mail: hirscha@rac-law.com
2  **WILLIAM SHEH (CSB 221275)**
   E-Mail: williams@rac-law.com
3  **NATALIA BAUTISTA (CSB 245669)**
   E-Mail: nataliab@rac-law.com
4  **REICH, ADELL & CVITAN**
   A Professional Law Corporation
5  3550 Wilshire Blvd., Suite 2000
   Los Angeles, California 90010-2421
6  Telephone: (213) 386-3860
   Facsimile: (213) 386-5583
7
8  Attorneys for Plaintiff



9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                                        CV13-9507DSF (AGRx)

12 WILLARD L. WOODS, JR., on behalf of )  CASE NO.
   Writers' Guild-Industry Health Fund and )
13 Producer-Writers Guild of America        )  COMPLAINT FOR DELINQUENT
   Pension Plan,                            )  CONTRIBUTIONS TO EMPLOYEE
14                                          )  BENEFIT PLANS
                                            )
15              Plaintiff,                  )  [29 U.S.C. §§ 1132(a) and 1145]
                                            )
16        vs.                               )
                                            )
17                                          )
   STONE VILLAGE PRODUCTIONS,               )
18 INC., an Arizona corporation; and SCOTT  )
   STEINDORFF, an individual,               )
19                                          )
                                            )
20              Defendants.                 )
                                            )
21 ─────────────────────────────────────── )

22

23              [**JURISDICTION AND VENUE**]

24

25        1.    Plaintiff WILLARD L. WOODS, JR. ("WOODS") is a fiduciary of certain

26 employee benefit plans and on behalf of the trustees of these plans brings this action

27 pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of

28 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor

                              - 1 -

Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185, against an employer to enforce the terms of the plans and to collect delinquent contributions.

2.     This Court has jurisdiction under LMRA § 301(a), 29 U.S.C. § 185(a), and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).  Venue is appropriate in this judicial district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the plans are administered, the breaches took place, and the defendants do business, and at least one defendant resides, in this district.

## [PARTIES]

3.     WOODS is the administrator and, in light of certain discretionary functions he exercises, is a fiduciary of the Writers' Guild-Industry Health Fund ("Health Fund"), an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and of the Producer-Writers Guild of America Pension Plan ("Pension Plan," collectively the "Plans"), an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2).  The Plans are also subject to LMRA § 302, 29 U.S.C. § 186.  The trustees of the Plans delegate to WOODS authority to act on their behalf in connection with the matters WOODS alleges in this complaint.

4.     WOODS is informed and believes that defendant STONE VILLAGE PRODUCTIONS, INC. ("SVP") is an Arizona corporation, with its principal place of business in the County of Los Angeles, State of California, and an employer within the meaning of LMRA § 501(3), 29 U.S.C. § 142(3), and ERISA § 3(5), 29 U.S.C. § 1002(5).

5.     WOODS is informed and believes that defendant SCOTT STEINDORFF ("STEINDORFF") is an individual and the principal officer and owner of defendant SVP.

- 2 -

STEINDORFF was and now is a resident of the County of Los Angeles, State of California.

## [AGREEMENTS]

6.      SVP and the Writers Guild of America, a labor organization, are parties to written collective-bargaining agreements by which SVP agreed to make contributions to the Plans based upon a percentage of the earnings of SVP's writers-employees.  SVP also agreed to be bound by the agreements and declarations of trust of the Plans ("Trust Agreements"), pursuant to which liquidated damages of 20% was set as the penalty for delinquent contributions, along with interest at the rate of 10% per year, plus the Plans' audit costs and attorney's fees.

7.      STEINDORFF and the Writers Guild of America concurrently entered into a written assumption agreement wherein STEINDORFF agreed to personally guarantee performance of the written collective-bargaining agreements between SVP and the Writers Guild of America, and to personally assume all obligations incurred by SVP under the written collective-bargaining agreements, including the Trust Agreements. STEINDORFF is therefore jointly and severally liable for the obligations of SVP.

8.      Accordingly, based on the foregoing, Defendants SVP and STEINDORFF are therefore referred to collectively hereafter as the "EMPLOYER."

9.      The collective-bargaining agreements, Trust Agreements and written assumption agreement referenced in paragraphs 6 through 8 above will be collectively referred to hereinafter as the "Agreements."

/ / /

/ / /

#251543.1 – Complaint Against Stone Village Productions and Scott Steindorff

## [PRIOR ACTION]

10.     Defendants SVP and STEINDORFF were defendants in a prior action filed by the Plans' then-administrator, Terence L. Young, entitled *Terence L. Young, on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan v. Stone Village Productions, Inc., et al.*, U.S. District Court, Central District of California, Case No. CV-10-00512 GW (PJWx) (referred to hereinafter as the "Prior Action").

11.     The Prior Action was a lawsuit filed by the Plans' then-administrator, Terence L. Young, on behalf of the Plans, to enforce the terms of the Agreements to collect delinquent contributions due to the Plans by defendants SVP and STEINDORFF, pursuant to ERISA §§ 502 & 515, 29 U.S.C. §§ 1132 and 1145.[1]

12.     Subsequent to the filing of the Prior Action, the Plans and defendants SVP and STEINDORFF entered into a settlement agreement ("Settlement Agreement") to pay the full amount of delinquent contributions due to the Plans by SVP and STEINDORFF, plus other damages.  This Settlement Agreement is a written agreement to pay contributions to employee benefit plans and is enforceable under ERISA § 515, 29 U.S.C. § 1145.  Attached as Exhibit A is a true and correct copy of the Settlement Agreement.

13.     Pursuant to the Settlement Agreement, defendants SVP and STEINDORFF were to provide payment in the sum of $11,465.00, through four (4) monthly installment payments of $2,500 each, and a final payment of $1,465.00, beginning on June 15, 2010, and continuing the 15th of each month thereafter, until the amount of $11,465.00 was paid

---

[1]  The Prior Action also contained a cause of action against a third defendant, Stone Village Pictures, LLC, which entity is not a party to this action and was party to a separate settlement agreement with the Plans.

- 4 -

in full, in exchange for a dismissal of the Prior Action.

14.     Pursuant to the Settlement Agreement, defendants SVP and STEINDORFF acknowledged that the Plans' "claims arise under the Employee Retirement Income Security Act of 1974 ('ERISA')" and that the Settlement Agreement "is meant to comply with Department of Labor Prohibited Transaction Class Exemption 76-1, and shall be interpreted accordingly."

## FIRST CLAIM FOR RELIEF FOR DELINQUENT CONTRIBUTIONS

[Against Defendants SVP and STEINDORFF for

Contributions in Settlement Agreement]

15.     Plaintiff WOODS repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 14 above as if fully set forth here.

16.     Pursuant to the Settlement Agreement, the Plans filed a dismissal of the Prior Action and defendants SVP and STEINDORFF forwarded payments totaling $4,743.75.  However, defendants SVP and STEINDORFF failed to send the remaining payments due and there remains a balance of $6,721.25 due to the Plans.  SVP and STEINDORFF have failed to cure their default of the Settlement Agreement.

17.     Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Plaintiff WOODS seeks to enforce the Settlement Agreement and collect the amount of $6,721.25, which includes delinquent contributions owed by defendants SVP and STEINDORFF to the Plans.

18.     Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and the Settlement Agreement, defendants SVP and STEINDORFF also owe interest from the date of their

- 5 -

default of the Agreement--July 15, 2010--at the rate of 10% per annum, which is the interest rate set forth in the Plans' Trust Agreements and also in the Settlement Agreement. The interest is $2,288.29, based on the amount of $6,721.25, and continues to accrue at the rate of 10% per annum.

## SECOND CLAIM FOR RELIEF FOR DELINQUENT CONTRIBUTIONS

[Against Defendants SVP and STEINDORFF for
Contributions Subsequent to Settlement Agreement]

19. Plaintiff WOODS repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 18 above as if fully set forth here.

20. Subsequent to the Settlement Agreement, the EMPLOYER hired writers Robert Frisbee ("Frisbee") and Brad Furman ("Furman") to perform writing services for the project entitled, "Dysfunction," which Frisbee and Furman performed for the EMPLOYER and for which the EMPLOYER was required to make contributions to the Plans.

21. The EMPLOYER failed to timely pay contributions for Frisbee and Furman to the Plans in the sum of $6,375.00 to the Health Fund and $5,625.00 to the Pension Plan based upon the writing services of Frisbee and Furman. After crediting late payments of $5,000.00 by the EMPLOYER on about July 10, 2013 and $5,187.94 on about July 29, 2013, which has been allocated to the Health Fund in the amount of $6,375.00 and to the Pension Plan in the amount of $3,812.94, there remains unpaid contributions due to the Pension Plan in the sum of $1,812.06 based upon the writing services of Frisbee and Furman.

/ / /

/ / /

#251543.1 – Complaint Against Stone Village Productions and Scott Steindorff

22.     Based on the unpaid contributions that remain due to the Pension Plan in the amount of $1,812.06, the EMPLOYER also owes interest to the Pension Plan of $444.59, which was calculated at the rate of 10% per annum, and liquidated damages to the Pension Plan of $362.41, based upon the unpaid contributions in paragraph 21 above.

23.     The EMPLOYER also hired writers Michael Wilson ("Wilson") and Peter Billingsley ("Billingsley") to perform writing services for the project entitled, "Triple Time," which Wilson and Billingsley performed for the EMPLOYER and for which the EMPLOYER was required to make contributions to the Plans.

24.     The EMPLOYER failed to pay contributions for Wilson and Billingsley to the Plans in the sum of $4,250.00 to the Health Fund and $3,875.00 to the Pension Plan based upon the writing services of Wilson and Billingsley.

25.     The EMPLOYER also owes interest to the Health Fund of $494.30 and interest to the Pension Plan of $453.08, which was calculated at the rate of 10% per annum, and liquidated damages to the Health Fund of $850.00 and liquidated damages to the Pension Plan of $775.00, based upon the delinquent contributions in paragraph 24 above.

26.     In sum, the EMPLOYER owes the following contributions, interest, and liquidated damages to the Plans for writers Frisbee, Furman, Wilson, and Billingsley:

Health Fund Contributions
Wilson/Billingsley =      $4,250.00

Health Fund Interest
Wilson/Billingsley =      $494.30

- 7 -

Health Fund Liquidated Damages

Wilson/Billingsley =      $850.00


Pension Plan Contributions

Frisbee/Furman      =      $1,812.06

Wilson/Billingsley =      $3,875.00

    TOTAL      =      $5,687.06


Pension Plan Interest

Frisbee/Furman            $444.59

Wilson/Billingsley =      $453.08

    TOTAL      =      $897.67


Pension Plan Liquidated Damages

Frisbee/Furman            $362.41

Wilson/Billingsley =      $775.00

    TOTAL      =      $1,137.41


## [ATTORNEY'S FEES]

27.     WOODS was required to engage legal counsel to collect the EMPLOYER's delinquencies and is entitled to recover the Plans' costs, liquidated damages, interest, and attorney's fees pursuant to the Settlement Agreement (as to the First Claim for Relief), the Plans' Trust Agreements, and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

/ / /

/ / /

/ / /

/ / /

# [PRAYER FOR RELIEF]

FOR THESE REASONS, WOODS requests that the court enter judgment against Defendants SVP and STEINDORFF, jointly and severally, as follows:

I.     On Plaintiff's First Claim for Relief against Defendants SVP and STEINDORFF, jointly and severally:

     (a)     Damages in the amount of $6,721.25, which comprises mostly of delinquent contributions owed to the Plans;

     (b)     Interest in the amount of at least $2,288.29, and continuing at the rate of 10% per year (0.83% per month) until paid;

     (c)     Attorney's fees and costs; and

     (d)     Such additional relief as the court finds proper.

II.    On Plaintiff's Second Claim for Relief against Defendants SVP and STEINDORFF, jointly and severally:

     (a)     Delinquent contributions in the amount of $9,937.06 owed to the Plans;

     (b)     Interest in the amount of at least $1,391.97, and continuing at the rate of 10% per year (0.83% per month) until paid;

     (c)     Liquidated damages in the amount of at least $1,987.41;

/ / /

#251543.1 – Complaint Against Stone Village Productions and Scott Steindorff

1       (d)     Attorney's fees and costs; and

2

3       (e)     Such additional relief as the court finds proper.

4

5                                       Respectfully submitted,

6   Date: December 20, 2013        REICH, ADELL & CVITAN

7                                         A Professional Law Corporation

8

9                                       By: _____

10                                      WILLIAM SHEH
                                        Attorneys for Plaintiff
                                        WILLARD L. WOODS, JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#251543.1 – Complaint Against Stone Village Productions and Scott Steindorff

**EXHIBIT "A"**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE OF CLAIMS**

**I.       CONSIDERATIONS FOR SETTLEMENT.**

       1.1    The parties to this settlement agreement and release of claims ("Agreement") are the Producer-Writers Guild of America Pension Plan ("Pension Plan") and the Writers' Guild-Industry Health Fund ("Health Fund") (collectively referred to hereinafter as the "Trust Funds") on the one hand, and Stone Village Productions, Inc. and Scott Steindorff (collectively referred to hereinafter as the "Company") on the other hand.  The Trust Funds and the Company may be referred to collectively as the "Parties," or the "Party" as to each.

       1.2    The Trust Funds contend that the Company failed to make timely contributions on writing services performed for the Company by writer Dayan Ballweg on the project entitled "*Tortilla Curtain*" pursuant to the Theatrical and Television Basic Agreements of the Writers Guild of America, and that the following amounts are due:

| | |
|---|---|
| Pension Plan Contributions: | $3,600.00 |
| Pension Plan Audit Costs: | $3,540.00 |
| Pension Plan Interest: | $1,858.80 |
| Pension Plan Liquidated Damages: | $  720.00 |
| Total Due to Pension Fund: | $9,718.80 |
| | |
| Health Fund Contributions: | $3,900.00 |
| Health Fund Audit Costs: | $3,540.00 |
| Health Fund Interest: | $2,106.20 |
| Health Fund Liquidated Damages: | $  780.00 |
| Total Due to Health Fund: | $10,326.20 |

The Trust Funds also contend that additional amounts of at least $1,450 are due for attorney's fees and court costs.  The Company denies the Trust Fund's contentions and asserts that nothing is due and owing from Company to the Trust Funds.

       1.3    On January 25, 2010, the Trust Funds filed the action, *Young, etc. v. Stone Village Productions, Inc., et al.*, U.S.D.C. Case No. CV-10-00512 GW (PJWx) ("Lawsuit"), in the U.S. District Court, Central District of California, for delinquent contributions, plus interest, liquidated damages, attorney's fees, and costs.

       1.4    This Agreement consists of a compromise and a settlement by the Parties.  This Agreement is not, and shall not be treated as, an admission of liability by any Party for any purpose, such liability being expressly denied.  To avoid further litigation, the Parties resolve their dispute as follows:

-1-

177568.2

## II.   TERMS OF AGREEMENT.

2.1    The Company shall pay to the Pension Plan and Health Fund the full amount of contributions, which is $7,500, plus interest of $3,965, for a total sum of $11,465 in principal, which amount will be paid out over a five (5) month payout period.

2.2    The Company's first payment shall be made on or before June 15, 2010, in the amount of $2,500.  Thereafter, the schedule of payments required by this Agreement are as follows:

| Date Due | Payment | Balance |
|----------|---------|---------|
| 06/15/10 | $2,500.00 | $8,965.00 |
| 07/15/10 | $2,500.00 | $6,465.00 |
| 08/15/10 | $2,500.00 | $3,965.00 |
| 09/15/10 | $2,500.00 | $1,465.00 |
| 10/15/10 | $1,465.00 | $    0.00 |

2.3    If the Company is more than fourteen (14) days delinquent in making any payment required under this Agreement, then the total remaining balance owed under this Agreement becomes immediately due to the Trust Funds.  In addition, if the Company is more than fourteen (14) days delinquent in making any payment required under this Agreement, then the balance due under this Agreement shall draw interest at the rate of 10% per annum from the date the payment was due.  If the Company is more than fourteen (14) days delinquent and the Trust Funds sue to recover the balance, the Company shall pay all the Trust Funds' reasonable attorney's fees incurred in this matter, including but not limited to attorney's fees and court costs in enforcing this Agreement.

2.4    Because the Trust Funds' claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), the terms of this Agreement shall be governed by federal law, and shall be construed and enforced thereunder.  This Agreement is meant to comply with Department of Labor Prohibited Transaction Class Exemption 76-1, and shall be interpreted accordingly.  Both Parties acknowledge and agree that any dispute shall be properly venued in the United States District Court, Central District of California.

2.5    The Company shall make the payments in paragraph (2.2) by drawing a check to the order of the **Writers' Guild-Industry Health Fund** for each such required payment, and sending or delivering it to be received by the Trust Funds' attorney, William Sheh, of Reich, Adell & Cvitan, at 3550 Wilshire Blvd., Suite 2000, Los Angeles, CA 90010.

2.6    The Trust Funds shall execute and file a **Dismissal Without Prejudice** of their claims asserted against the Company in the Lawsuit within twenty-one (21) days of the execution of this Agreement by the Company.  Within ninety (90) after receipt by the Trust Funds of the last payment outlined in paragraph (2.2), the Trust Funds shall execute and file a **Dismissal With Prejudice** of their claims asserted against the Company in the Lawsuit.

177568.2

2.7     Except as previously provided in this Agreement, each party shall bear its own attorney's fees and costs arising out of or related to the claims released herein and no further claim shall be made therefore.

## III.    RELEASE.

3.1     Upon completion of payment of the total amount due, each Party is released by the other of any and all claims debts, suits, actions, causes of actions, controversies, demands, damages, losses, rights, expenses, costs, reasonable attorney's fees, compensation, liabilities and obligations whatsoever, both in law and equity, suspected or unsuspected, known or unknown, foreseen or unforeseen that either Party now has, owns, holds or at any time heretofore ever had, owned or held, or could, shall or may hereafter have, own, hold or claim in connection with the subject of the Lawsuit, including without limitation any claims, debts, suits, actions, causes of actions, controversies, demands, damages, losses, rights, expenses, costs, reasonable attorney's fees, compensation, liabilities and obligations whatsoever, both in law and equity, suspected or unsuspected, known or unknown, foreseen or unforeseen the Trust Funds may have against the Company based on the writing services of Dayan Ballweg for the project *"Tortilla Curtain"* and David Schwab for the project entitled *"Ko' Olau."*

3.2     As to the claims arising out of or are related to the writing services of David Schwab for the project *"Ko'Olau"* and the claims arising out of or are related to the writing services of Dayan Ballweg for the project *"Tortilla Curtain,"* each Party expressly waives any and all rights and benefits conferred upon such Party by the provisions of Section 1542 of the California Civil Code with respect to the foregoing released claims, which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Each Party expressly acknowledges the foregoing waiver of the provisions of Section 1542 of the California Civil Code.

## *[This space deliberately left blank]*

177568.2

## IV.    SIGNATURES.

        4.1    This Agreement may be executed in counterparts and delivered by facsimile or by electronic transmission, and each such counterpart and/or facsimile and/or electronic signature shall be deemed to be an original, and all of which when taken together shall constitute one executed agreement.

                                   PENSION PLAN

Dated: _5/11/10_                            By: _____

                                           TERENCE L. YOUNG
                                           Administrator

                                   HEALTH FUND

Dated: _5/11/10_                            By: _____

                                           TERENCE L. YOUNG
                                           Administrator

                                   STONE VILLAGE PRODUCTIONS, INC.

Dated: _____                      By: _____
                                              Its: _____

                                   SCOTT STEINDORFF

Dated: _____                      By: _____
                                              SCOTT STEINDORFF

-4-

177668.2

## IV.   SIGNATURES.

       4.1    This Agreement may be executed in counterparts and delivered by facsimile or by electronic transmission, and each such counterpart and/or facsimile and/or electronic signature shall be deemed to be an original, and all of which when taken together shall constitute one executed agreement.

PENSION PLAN

Dated: _____         By: _____
                                          TERENCE L. YOUNG
                                          Administrator

HEALTH FUND

Dated: _____         By: _____
                                          TERENCE L. YOUNG
                                          Administrator

STONE VILLAGE PRODUCTIONS, INC.

Dated: _____         By: _____
                                    Its: _____

SCOTT STEINDORFF

Dated: _____         By: _____
                                      SCOTT STEINDORFF

-4-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Dale S. Fischer _____ and the assigned Magistrate Judge is _____ Alicia G. Rosenberg _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13CV9507 DSF AGRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

December 27, 2013
_____
Date

By   J.Prado
_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)  NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| WILLARD L. WOODS, JR., on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan,<br><br>*Plaintiff(s)*<br><br>v.<br><br>STONE VILLAGE PRODUCTIONS, INC., an Arizona corporation; and SCOTT STEINDORFF, an individual,<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CV13-9507 DSF (AGRx)<br><br>Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   STONE VILLAGE PRODUCTIONS, INC., c/o Arizona Statutory Agent for Service, 12725 W. Indian School Road, Suite E-101, Avondale, AZ 85392

SCOTT STEINDORFF, 1036 N. Carol Dr., West Hollywood, CA 90069

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> HIRSCH ADELL, WILLIAM SHEH, and NATALIA BAUTISTA
> REICH, ADELL & CVITAN, a Professional Law Corporation
> 3550 Wilshire Blvd., Suite 2000
> Los Angeles, CA 90010

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  DEC 27 2013                         _____
                                           *Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| WILLARD L. WOODS, JR., on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan | STONE VILLAGE PRODUCTIONS, INC., an Arizona corporation; and SCOTT STEINDORFF, an individual |

| **(b) County of Residence of First Listed Plaintiff**  Los Angeles | **County of Residence of First Listed Defendant** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | **Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Hirsch Adell, William Sheh, and Natalia Bautista REICH, ADELL & CVITAN, a Professional Law Corporation 3550 Wilshire Blvd., Suite 2000, Los Angeles, CA 90010 T: (213) 386-3860 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | |
|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2. Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Reinstated or Reopened | ☐ 5. Transferred from Another District (Specify) | ☐ 6. Multi-District Litigation |

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 22,325

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for delinquent contributions to employee benefit plans pursuant to ERISA Sections 502 and 515, 29 U.S.C. Sections 1132 and 1145.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☒ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | CV13-9507 |
|---|---|---|

CV-71 (11/13)                 CIVIL COVER SHEET                 Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  [x] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in **this court** that are related to the present case?   [ ] NO   [x] YES

If yes, list case number(s):   CV 10-00512 GW (PJWx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [x] A. Arise from the same or closely related transactions, happenings, or events; or

[x] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: December 20, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |